IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GREAT LAKES REPAIR, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 15 C 9506 |
| | ) | |
| PAUL SCHULZ, et al. | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Paul Schulz's (Schulz) motion to dismiss. For the reasons stated below, the motion to dismiss is denied.

## BACKGROUND

On August 1, 2015, the Stars & Stripes, a custom-built 78-foot sailing vessel, ran aground. Schulz allegedly contacted Plaintiff Great Lakes Repair, Inc. (Great Lakes) and Great Lakes allegedly dispatched three vessels to salvage the Stars & Stripes. Great Lakes allegedly entered into a salvage agreement (Agreement) with Schulz and Defendant AC Chicago, LLC (ACC). Great Lakes, brings this lawsuit to recover the alleged costs incurred while salvaging the Stars & Stripes. Great Lakes alleges that they are entitled to payment under the Agreement of at least $200,000.

Great Lakes includes in their complaint preferred maritime lien claims brought against Schulz, ACC, and the Stars & Stripes (Count I), breach of contract claims brought against Schulz, ACC, and the Stars & Stripes (Count II), and quantum meruit/unjust enrichment claims brought against Schulz, ACC, and the Stars & Stripes (Count III). Schulz now moves to dismiss all claims brought against him.

**LEGAL STANDARD**

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 622 (7th Cir. 2012); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'" and "if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)(quoting in part *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)); see also *Morgan Stanley Dean Witter, Inc.*, 673 F.3d at 622 (stating that "[t]o survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," and that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to

2

draw the reasonable inference that the defendant is liable for the misconduct alleged")(quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009))(internal quotations omitted).

**DISCUSSION**

I. Specific Allegations Against Schulz Individually

Schulz moves to dismiss all claims against him. Schulz contends that Great Lakes has failed to plead any specific allegations against Schulz, individually, and that the claims against Schulz are indistinguishable from those against ACC. In the complaint, Great Lakes alleges that "Great Lakes and Schulz and/or ACC entered into a Salvage Agreement. . ." (Compl. Par. 15). Great Lakes also alleges that Schulz signed the relevant Agreement, which was attached to the complaint. Also, the contract does not indicate that Schulz signed the contract on behalf of ACC. In fact, "AC Chicago" or "ACC" does not even appear within the four corners of the contract. Accordingly, Great Lakes has provided specific allegations against Schulz individually.

II. Representative Capacity

Schulz argues that he was acting in a representative capacity when signing the Agreement. The court must look at the parties' intent when signing the contract to determine whether an individual intended to be bound. *Camico Mut. Ins. Co. v. Citizens Bank,* 474 F.3d 989, 992 (7th Cir. 2007). In determining party intent, the

3

court first looks "to the language of the contract alone." *Id.* If the language is clear and unambiguous, the court will interpret the contract without extrinsic evidence. *Utility Audit, Inc. v. Horace Mann Serv. Corp.*, 383 F.3d 683, 687 (7th Cir. 2004) (citing *Trade Center v. Dominick's Finer Foods*, 711 N.E.2d 333, 335 (Ill. App. Ct. 1999)). An ambiguity within the contract exists, however, "if the contract's language is susceptible to more than one interpretation." *Camico Mut. Ins. Co.* 474 F.3d at 993. If an ambiguity exists, the court must use extrinsic evidence to determine the intent of the parties. *Camico Mut. Ins. Co.* 474 F.3d at 993.

The Agreement states, "Owner warrants that he/she is the owner of the Vessel and/or has been authorized by the owner of the Vessel to enter into this Agreement and to authorize salvor to perform salvage services for the Vessel." (P. Ex. A 1). This language in the Agreement is ambiguous because it does not clarify whether Schulz was signing on his behalf or signing on behalf of the true owner. Accordingly, whether Schulz intended to be bound individually is a factual question and involves facts outside of the pleadings. *See Freeman v. Liu,* 112 F.R.D. 35, 37 (N.D. Ill. 1986)(stating that where a contract is ambiguous, determining whether the defendant signed as an agent requires the court to look to extrinsic evidence to guide their decision).

However, an "agent is not personally liable for a breach of contract by h[is] principal if the agency relationship has been disclosed at the time the contract is executed." *Merrill Tenant Council v. U.S. Dep't of Housing & Urb. Dev.*, 638 F.2d 1086, 1095 (7th Cir.1981). Notably, there is an exception to that general rule, which

4

occurs when the agent does not inform the contracting party that he is acting on behalf of a particular principal, the so-called "undisclosed principal" exception. *See Lustig v. Brown,* 2004 WL 2095667, *2 (N.D. Ill. 2004)(upholding claims against individual defendants, who claimed they were acting as corporate agents in signing a contract, for failure to demonstrate they were acting on behalf of the corporation).

The complaint does not contain specific allegations regarding whether Schulz disclosed his association with ACC at the time the contract was executed. Also, the pleadings are insufficient to determine whether Schulz was authorized by ACC to enter into the Agreement on their behalf or whether Great Lakes was aware that Schulz was acting as an agent on behalf of a principal. Plaintiff has alleged sufficient facts to make his breach of contract claim against Schulz plausible.

In regards to piercing the corporate veil, Great Lakes makes clear in its response that it is not currently seeking to pierce the corporate veil. Accordingly, this court need not delve into the merits of piercing the corporate veil at this stage of the litigation. Therefore, the motion to dismiss is denied.

## CONCLUSION

Based on the foregoing analysis, Schulz's motion to dismiss is denied.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: October 4, 2016